935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald George HOFFMAN, Defendant-Appellant.
 No. 91-3018.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant appeals from his sentence following conviction of making and possessing counterfeit obligations in violation of 18 U.S.C. Secs. 471, 472 and 474. Defendant received a two-level upward adjustment for obstruction of justice on the ground that he had made untruthful statements or had testified untruthfully as to material facts at trial. See United States Sentencing Commission, Guidelines Manual Sec. 3C1.1 (Nov.1990). We affirmed defendant's conviction, but remanded the case for resentencing because the district court's two-level upward adjustment for obstruction of justice was not supported by an adequate finding concerning false statements. United States v. Hoffman, No. 89-3243, unpub. order at 6-7 (10th Cir. Oct. 9, 1990). On remand, the district court adopted two paragraphs in the presentence report referring to defendant's false statements and resentenced him with the same two-level upward adjustment under U.S.S.G. Sec. 3C1.1.
 
 
 2
 The Sentencing Guidelines allow for a two-level increase in offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." U.S.S.G. Sec. 3C1.1. The defendant's testimony and statements must be evaluated in light most favorable to the defendant, id., comment (n. 1), but the district court is not required to accept the completely inconsistent, patently false or wholly fabricated. A jury verdict against a defendant who testifies or a mere conflict in the testimony is not sufficient to demonstrate false testimony under Sec. 3C1.1; accordingly, the district court should explain why it perceives the testimony as false. United States v. Akitoye, 923 F.2d 221, 228-29 (1st Cir.1991); United States v. Beaulieu, 900 F.2d 1531, 1536 (10th Cir.) cert. denied, 110 S.Ct. 3253 (1990). Highly detailed findings are not required; a statement that overwhelming evidence at trial flatly contradicted the defendant's explanation will suffice. Id. at 1535-36. In reviewing a district court's decision to adjust upward pursuant to Sec. 3C1.1, "we must 'give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.' " Id. at 1535 (quoting 18 U.S.C. Sec. 3742(e)).
 
 
 3
 On remand, the district court adopted those paragraphs of the presentence report concerning defendant's mendacity, thereby remedying the defect in the original sentencing proceeding. See Hoffman, unpub. order at 5-6. On this record, the district court was not obliged to make more specific findings supporting the upward adjustment; adoption of the pertinent paragraphs in the presentence report indicates that the above standards were employed and is sufficient. See Akitoye, 923 F.2d at 229. Thus, the district court satisfied the requirements of our mandate. Its conclusion that defendant lied and obstructed justice is not clearly erroneous. Consequently, the two-level upward adjustment pursuant to Sec. 3C1.1 of the Guidelines is appropriate.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3